## KOCH *et al.* v. DEERE.

No. 4917. Opinion Filed July 27, 1915.

Rehearing Denied September 7, 1915.

(150 Pac. 1102.)

1. **QUIETING TITLE—Actions—Who May Maintain.** Under chapter 10, Sess. Laws 1910-11, one not in possession of real property may bring an action for the possession thereof and to quiet title thereto by the cancellation of a deed which constitutes a cloud thereon.

2. **SAME—Petition.** Petition examined, and **held** to state a cause of action as against a general demurrer.

(Syllabus by Dudley, C.)

*Error from District Court, McIntosh County;*
*Preslie B. Cole, Judge.*

. Action by Nancy Deere against R. J. Koch and Jackson Thompson. Judgment for plaintiff, and defendants bring error. Affirmed.

*Van Court & Reubelt,* for plaintiffs in. error.

*J. B. Lucas* and *Britton H. Tabor,* for defendant in error.

Opinion by DUDLEY, C. In May, 1912, the defendant in error, plaintiff below, a full-blood Creek Indian, commenced this action in the district court of McIntosh county against the plaintiffs in error, defendants below, to recover possession of 40 acres of land, constituting a portion of her allotment, and to cancel a deed covering the same, executed by her to them on May 21, 1906. The defendants filed a general demurrer to the petition, which was overruled and exceptions saved. The issues were joined, and the case tried to the court, resulting in

a judgment in favor of the plaintiff, from which the defendants have appealed.

The sole question presented is whether or not the petition states a cause of action. The petition alleges, in substance, that the plaintiff is a full-blood citizen of the Creek Nation, duly enrolled, and that the land in controversy was duly allotted to her; that she is the legal and equitable owner thereof; that on May 21, 1906, the defendants obtained from her a purported warranty deed to said premises; that said deed is void, for the reason, among others, that at the time she executed the same said lands were restricted by an act of Congress, and that she had no right to convey the same; that said deed recites a consideration of $400, when, as a matter of fact, there was no consideration whatever paid to her by said defendants, and that said deed constitutes and is a cloud upon her title to said premises, and the same should be canceled. A copy of the deed is attached to the petition. There is no allegation in the petition that the plaintiff was in possession of the premises.

An examination of the petition as a whole discloses that the action is one to recover the possession of real property and to quiet the title thereto by the cancellation of a deed which is a cloud thereon. Chapter 10 of the Session Laws of 1910-11 provides:

"An action may be brought by any person in possession, by himself or tenant, of real property against any person who claims an estate or any interest therein adverse to him for the purpose of determining such adverse estate or interest, and such action may be joined with an action to recover possession of such real property by any person not in possession."

This law was in force at the time this action was brought, and in our judgment the plaintiff, even though not in possession of the property in controversy at the time the action was brought, had a right to bring an action for the possession thereof and to quiet title to the same by the cancellation of a deed which constituted a cloud thereon. The facts as disclosed by the petition bring the case squarely within the provisions of this statute.

Act Cong. April 26, 1906, c. 1876, 34 Stat. at L. 137, was in force at the time of the execution of the pretended deed, and the plaintiff, being a full-blood Creek Indian, had no authority, under section 19 of this act, to alienate her allotted lands, unless her restrictions had been removed by the Secretary of the Interior prior to the passage thereof. There is an allegation in the petition to the effect that the restrictions had not been removed at the time the deed in controversy was executed.

It was not error to overrule a general demurrer to the petition, and the judgment of the trial court should be affirmed.

By the Court: It is so ordered.