## SMITH v. SIMS, Adm'x.

### 98 P. 2d 55.

### No. 29124.   Jan. 16, 1940.

Commons & Chandler, of Miami, and Allen G. Nichols and A. C. Kidd, both of Wewoka, for plaintiff in error.

C. L. Hill, of Wewoka, and Bishop, Bishop & Seay, of Seminole, for defendant in error.

GIBSON, J.   Defendant below has appealed from an order of the district court sustaining plaintiff's motion for a new trial in a wrongful death action.

The trial court did not state specific reasons for sustaining the motion, nor was it requested so to do, but there was a general finding that the motion should be sustained on the grounds set out therein.

Defendant asserts that the trial court committed an error of law and also abused its discretion in sustaining the motion.

In cases of this character we are called upon, where the assignments of error justify, to determine merely whether the court committed some error of law or abused its discretion to the point of arbitrary or capricious action. Kurn v. Thompson, 183 Okla. 185, 80 P. 2d 578. There the rule is stated as follows:

"The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court erred in its view of some pure unmixed question of law or has acted arbitrarily or capriciously."

As to the alleged error of law, defendant has failed to point out any such error in this case.

In support of his contention that an abuse of discretion took place, defendant directs his argument wholly to the action of the court in setting aside the verdict in the face of evidence to support it. Defendant seems to consider this as an unwarranted usurpation of the functions of the jury. But the record discloses sufficient evidence to support a verdict for either party. In such case, regardless of which of the parties may have been favored with the preponderance of the evidence, the mere charge that there was sufficient evidence to support the verdict is not enough to challenge the attention of this court on the question of abuse of discretion.

Among the grounds assigned in the motion for new trial is the charge of such palpable miscarriage of justice at the trial as to shock the conscience of the court and to demand annulment of the verdict. This is equivalent to a charge that the plaintiff had not received a fair trial. It is true that the court made no specific finding as to this particular ground, but, in the absence of a showing to the contrary, it is not unreasonable to presume that the verdict failed to meet with the responsive and affirmative approval and conscience of the trial court.

All presumptions favor the validity of the judgment. So, in such case, where the evidence at the trial was conflicting, and the unsuccessful party charges in his motion that he was not accorded a fair trial, and the motion is sustained without specific reasons assigned therefor, we will presume that the court, after reviewing the record, concluded that the verdict was not in harmony with right and justice, and contrary to the conscience of the court.

In cases of this character it is the trial court's duty, upon proper motion, to consider the whole record and to determine whether in the light of its own conscience the verdict accords with right and justice, and to set the same aside if in its opinion there has been a failure in this respect. In the performance of this function under the circumstances aforesaid we cannot say that an abuse of discretion resulted. A. & A. Taxicab Co. v. McCain, 179 Okla. 492, 66 P. 2d 17.

The judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and CORN and DAVISON, JJ., concur.