## GRIPE v. GRIEVES.

No. 29780. March 25, 1941.

*111 P. 2d 818.*

Bailey E. Bell, of Tulsa, and Emerson R. Phillips, of Pawnee, for plaintiff in error.

Rowland & Talbott, of Bartlesville, for defendant in error.

PER CURIAM. This is an appeal from an order which sustained a motion for new trial. The action, one for damages alleged to have resulted from a personal injury sustained in 1919 while the plaintiff in error was experimenting with a dynamite cap when he was approximately eight years of age, was instituted in 1932, against the defendant in error and others not here involved. The action sought to enforce liability on the theory that the defendants were joint adventurers in the construction of an oil field road or joint tort-feasors in the negligent exposure of certain explosives. The plaintiff in error effected a settlement with two of the original defendants and gave them covenants not to sue and dismissed his action against all the other defendants with the exception of the defendant in error. Trial was had to a jury in June, 1939, and resulted in a verdict in favor of plaintiff in error which assessed his recovery at the sum of $2,000. Motion for new trial assigning 14 grounds of error was filed within the statutory period and sustained by the trial court. The court assigned no reason for his action in sustaining the motion for new trial and was not requested to do so.

The plaintiff in error urges here that the evidence was sufficient to sustain the verdict of the jury either upon the theory that the defendant in error was liable as a joint adventurer or as a tort-feasor, and therefore the action of the court in sustaining the motion for new trial was error as a pure and unmixed question of law. We are unable to accept the interpretation which the plaintiff in error seeks to place upon the facts as shown by the record; but, on the contrary, find therein a number of grounds, any one of which would have been sufficient to sustain the action of the trial court in granting a new trial.

This court is thoroughly committed to the rule that a motion for new trial is addressed to the sound legal discretion of the trial court, and that every presumption will be indulged in favor of the ruling of the trial judge, and that where such motion is granted, on review this court will not disturb the same in the absence of a clear and convincing showing that such action constituted error on an unmixed question of law or that such action was arbitrary or capricious. Smith v. Sims, Adm'x, 186 Okla. 364, 98 P. 2d 55; Oklahoma City-Ada-Atoka Ry. Co. v. Swink, 186 Okla. 292, 97 P. 2d 72; Hartman v. Dunn, 186 Okla. 9, 95 P. 2d 897; Hart v. Howell, 184 Okla. 146, 85 P. 2d 401; Belford v. Allen, 183 Okla. 261, 80 P. 2d 676; Bailey v. Sisson, 180 Okla. 212, 69 P. 2d 65; Alexander v. Alexander, 179 Okla. 614, 67 P. 2d 33.

Since the trial court gave no reason for granting the motion for new trial, we are not permitted to speculate as to the reason. Suffice it to say that the record does not reveal any error on a pure and un-

mixed question of law or any arbitrary or capricious action on the part of the trial court.

Affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.