R. J. ALLISON CO., Inc., et al. v. CARDEN, Adm'r.

No. 30367. Feb. 17, 1942.

Rehearing Denied March 24, 1942.

*123 P. 2d 679.*

George F. Short, Welcome D. Pierson, John F. Reed, and Max G. Morgan, all of Oklahoma City, for plaintiffs in error.

A. F. Moss, Herbert R. Young, and Marvin T. Johnson, all of Tulsa, for defendant in error.

CORN, V. C. J. This is an appeal from the order of the trial court granting a new trial. The case involves an action for damages for the wrongful death of plaintiff's decedent. A verdict was returned for the defendants, and plaintiff moved for a new trial, which was granted, and defendants brought this appeal.

Error is predicated upon an alleged abuse of discretion by the trial court in granting a new trial.

In cases too numerous to mention or discuss, this court has laid down the rule by which it is guided in reviewing the judgment of the trial court in granting motions for a new trial. The statement of the rule, of course, varies somewhat in accordance with the particular facts and circumstances involved, but the general rule, stated in simple terms, is found in paragraph 1 of the syllabus in the case of Gripe v. Grieves, 188 Okla. 565, 111 P. 2d 818, as follows:

"The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court erred in its view of some pure, unmixed question of law or has acted arbitrarily or capriciously."

In announcing its reason for granting a new trial the trial court said:

"Without attempting to conscript the court's views, or what his reasons are, that might be considered as truly binding in the matter, but as a general proposition, the court first feels that he cannot approve this verdict; and further that this newly discovered evidence has convinced the court that a jury would render a different verdict altogether from the verdict that was rendered in this case.

"The court feels that in the interest of justice, and in fairness to all the parties, in view of this additional evidence that has been discovered, that it would be fair and just that this matter be heard at another time, by another jury.

"And for this reason, along with the general idea that the court has, after carefully listening to the trial, and listening to the argument of the attorneys in this case, and after weighing and considering the matter from the standpoint of fairness to the parties, that this motion for new trial should be sustained, and therefore it is sustained and a new trial is ordered."

From an examination of the record, we are unable to say that the trial court erred in its view of some pure, unmixed question of law, or has acted arbitrarily, capriciously, or otherwise abused its sound legal discretion in the granting of a new trial in this case.

Judgment affirmed.

WELCH, C. J., and RILEY, OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. BAYLESS, J., absent.