COSDEN PIPE LINE CO. v. LEWIS.

No. 30177. April 28, 1942.

Rehearing Denied May 19, 1942.

125 P. 2d 969.

J. C. Denton, R. H. Wills, I. L. Lockewitz, J. H. Crocker, J. P. Greve, and C. A. Kothe, all of Tulsa, for plaintiff in error.

Ward & Ward, of Tulsa, for defendant in error.

CORN, V. C. J. This is an appeal from a judgment of the district court of Tulsa county sustaining a motion for a new trial after the jury had returned a verdict for defendant, in an action brought by plaintiff, a minor, to recover damages for personal injuries alleged to have resulted from defendant's negligence in permitting its pipe lines to remain above the surface of the ground at a point where they crossed a roadway upon which plaintiff was traveling on his bicycle.

The matter was twice tried to a jury, the first trial resulting in a hung jury. The second trial resulted in a verdict for defendant, and the trial judge thereafter granted plaintiff's motion for a new trial, stating, in part, in sustaining said motion:

"And the court having read the said motion for new trial, and having heard the arguments of counsel, and being fully advised, finds that said motion should be sustained solely upon the ground that counsel for the defendant, I. L. Lockewitz, made an improper argument to the jury."

However, during the argument of the motion for new trial the court made the following observations:

"The Court: . . . This is a close case; I don't doubt that at all. And there is nothing in your conduct in the matter that is gross negligence in any way, in my opinion. Mr. Lockewitz: You mean the defendants? The Court: The defendants. It is a close case. If it was submitted to me without a jury, it is a matter that is very close. Be that as it may, it was not done that way; it was submitted to twelve men, and their conduct in the matter has to be such—I mean, the conduct of the trial has to be such that they won't go off on false issues; and I can't say that they might not have been misled."

Consideration of the entire record reveals that the matter was very hotly contested during the entire trial, and statements were made by the attorneys before the court and jury that were highly improper. Undoubtedly, the attorneys for both sides felt that such steps were necessary to protect the interests of their respective clients, as well as their own presence before the court.

The rule is well settled in this jurisdiction, and it is strictly adhered to by this court, that the trial court has a broad discretion in the granting or refusal of motions for new trial, and the trial court's action in granting such a motion will not be disturbed in the absence of a showing that the trial judge erred in some pure, unmixed question of law, or acted in a capricious or arbitrary manner.

This rule has been reiterated and followed in the recent decisions of the court. In R. J. Allison, Inc., et al. v. F. B. Carden, Adm'r, 190 Okla. 381, 123 P. 2d 679, paragraph 1 of the syllabus, following Gripe v. Grieves, 188 Okla. 565, 111 P. 2d 818, states:

"The discretion of the trial court in granting a new trial is so broad that its action in doing so will not be disturbed on appeal unless the record shows clearly that the court erred in its view of some pure, unmixed question of law, or has acted arbitrarily or capriciously."

Judgment affirmed.

RILEY, OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., absent.