ST. LOUIS & SAN FRANCISCO RY. CO. v. GRADY et ux.

No. 34187.   June 26, 1951.

*233 P. 2d 277.*

E. G. Nahler, St. Louis, Mo., and Satterfield, Franklin & Harmon, Oklahoma City, for plaintiff in error.

Cheek, Cheek & Cheek, Oklahoma City, for defendant in error.

CORN, J. This is an appeal from a judgment of the district court sustaining a motion for a new trial.

The parties will be referred to as they appeared in the trial court.

The plaintiffs, husband and wife, brought this action against the defendant for personal injuries to the wife in the first cause of action and property damage to the automobile in the second cause of action. Since the trial of the case, the plaintiffs have dismissed with prejudice the first cause of action. So that leaves only the second cause of

action for our consideration, wherein it is alleged through negligence of the defendant's agents they sustained damage to their automobile and loss of use of the same as a result of an accident at a railway crossing.

The defendant filed an answer consisting of a general denial and an allegation of contributory negligence upon the part of the automobile driver, Mrs. Grady, one of the plaintiffs. The case was tried to a jury, which rendered a verdict in favor of the defendant.

During the trial, counsel for the defendant interrogated one of the plaintiffs, Mr. Grady, in regard to insurance, as follows:

"Q. C. D. Why, I believe you stated this automobile was damaged in the sum of around $440? A. Yes, sir. Q. Your insurance company's paid you for that repair, have they not, Mr. Grady? Mr. Cheek: Just a minute, your Honor please, we will admit that Mr. Grady has had a portion of his car, which was insured above fifty dollars, and we want to object to the question as being irrelevant, incompetent and immaterial and not having any bearing on the issues. Mr. Satterfield: I think it has a considerable bearing on this accident and I think we are entitled to have the real party in interest, whoever it is. The Court: Wait just a minute. Come here just a minute. Mr. Satterfield: Yes, sir. (Mr. Cheek and Mr. Satterfield approach the bench and confer with the court.) The Court: The objection will be sustained. Mr. Satterfield: I would like to make an offer out of the presence of the jury. An exception. The defendant offers to prove by the witness now on the stand that he has been paid all of the damage to his automobile except fifty dollars by a casualty insurance company. That is my offer. Mr. Cheek: To which offer, we object for the same reason heretofore stated and state that he was prejudiced by it. The Court: The objection will be sustained. Mr. Satterfield: Exception."

The plaintiffs filed their motion for a new trial based upon the irregularity and impropriety of counsel for the defendant in so interrogating (by affirmative statement) the witness, or attempting to do so. The trial court sustained the motion for new trial.

Proceedings at hearing on motion for new trial:

"The Court: Let me put this in the Record: After hearing the argument of Counsel, it appears to the Court that the Statement of Counsel for the defendant, during the trial, referring to Collision Insurance by the Plaintiff was highly improper and prejudicial. It is the Order of the Court that a new trial be granted."

The defendant states in its brief,

"It is our position that the question asked did not constitute reversible error, and that the particular type of insurance which is commonly known as collision insurance is not that character of insurance referred to in the various authorities from this, and other courts, which constitutes reversible error, and cites as authority Black Gold Petroleum Co. v. Webb, 186 Okla. 584, 99 P. 2d 868, wherein we held in the first paragraph of the syllabus, as follows:

" 'In an action against an employer for the wrongful death of an employee, counsel's reference in the presence of the jury to workmen's compensation insurance paid decedent subsequent to the injury and prior to his death does not constitute that character of reference to indemnity insurance that will ordinarily require the court to declare a mistrial."

There is a different fact situation in the case at bar from the above-cited case, thereby requiring the application of a different rule of law, to wit, error of the court in sustaining a motion for a new trial and not error of the court in overruling a motion for a new trial. Also, the facts are not applicable to the facts in this case.

The discretion of the trial court in granting a new trial is so broad that its action in doing so will not be disturbed on appeal unless the record shows clearly that the court erred in its view of some pure, unmixed ques-

tion of law, or has acted arbitrarily or capriciously. We do not find such a showing in the record.

In Cosden Pipe Line Co. v. Lewis, 190 Okla. 523, 125 P. 2d 969, we held:

"The rule is well settled in this jurisdiction, and it is strictly adhered to by this court, that the trial court has a broad discretion in the granting or refusal of motions for new trial, and the trial court's action in granting such a motion will not be disturbed in the absence of a showing that the trial judge erred in some pure, unmixed question of law, or acted in a capricious or arbitrary manner."

Judgment affirmed.

LUTTRELL, V. C. J., and WELCH, GIBSON, DAVISON, HALLEY, and O'-NEAL, JJ., concur.