RAMSEY v. CONNER.

No. 34701.   Feb. 12, 1952.

*240 P. 2d 1072.*

F. C. Helm, Henryetta, for plaintiff in error.

W. E. Foster, Henryetta, for defendant in error.

CORN, J.   This is an action in ejectment brought by Addie Conner against Fannie Ramsey to recover possession of lots 1 and 2 in block 37, Original Townsite of Henryetta, Oklahoma.

Plaintiff in her petition deraigns her title on a deed by Floyd Wallen, who was then the owner of the land, to Andy Ramsey, her brother, and on a quitclaim deed thereafter executed by Andy Ramsey and his wife to her. Defendant in her answer denied the execution and delivery of the quitclaim deed pleaded by plaintiff, and in the alternative pleads that if she has such deed the same is a forgery, and further pleads that subsequent to obtaining title to the lots from Floyd Wallen, Andy Ramsey, who was her husband, died and that upon his death she acquired an inheritable and homestead interest in and to the lots.

At the trial of the case it was stipulated that the deed from Floyd Wallen and wife to Andy Ramsey might be admitted in evidence.   Plaintiff then offered in evidence the quitclaim deed alleged to have been executed by Andy Ramsey and Fannie Ramsey, his wife, conveying the premises to plaintiff herein.   It appears that Andy Ramsey executed the deed by mark.   The mark was not witnessed nor was the deed acknowledged in manner and form as provided by 16 O. S. 1951 §34, and the deed was excluded by the court on the grounds that it was not properly witnessed and acknowledged and therefore void.   The court ruled correctly in so holding.   Kemper v. Todd, 123 Okla. 209, 255 P. 701; Citizens' Bank of Gans v. Strickland, 71 Okla. 136, 175 P. 506. Plaintiff concedes that such deed is void and at the trial she did not rely on such deed to establish her case.

She, however, established by her own evidence the following facts: She furnished the consideration and paid the purchase price to Wallen for the execution of the deed by him to Andy Ramsey. Under oral agreement entered into between the parties Mr. and Mrs. Ramsey were to hold title in trust for plaintiff and later reconvey to her; that Mr. Ramsey shortly thereafter suffered a stroke of paralysis and was unable to work; that because of his disability she permitted him and his wife, Fannie Ramsey, to occupy the lots free from rent and permitted them to use part of the ground for a garden; that after she placed her brother, Andy Ramsey, in possession, she mortgaged the property to the Henryetta Building & Loan Association and lost it upon fore-

closure; that through her agent, Ed Filson, she arranged to repurchase the property from Mr. Wallen; that she was then living in Gladewater, Texas, where she had lived for several years; that she thereafter did repurchase the property from Mr. Wallen and authorized her agent to have the property conveyed to Andy Ramsey and to have Andy Ramsey immediately convey the property back to her; that later she received through the mail the deed offered in evidence and placed the same of record; that she paid the taxes thereon for the years 1929 to 1943, inclusive, and introduced tax receipts in evidence to substantiate her evidence in this respect. W. M. Smith, the notary who took the acknowledgment, testified that to his best recollection both Mr. and Mrs. Ramsey appeared before him and acknowledged that they had executed the deed. No evidence was offered on behalf of defendant.

It is evident that the above evidence was offered by plaintiff for the purpose of establishing that Mr. and Mrs. Ramsey were holding title in trust for her use and benefit.

The above evidence was admitted over the objection of defendant on the grounds that it was not within the issues raised by the pleadings. Counsel, however, saved no exception to the ruling of the court admitting the evidence.

At the conclusion of the evidence defendant demurred thereto and moved the court to direct a verdict in favor of defendant. The trial court sustained the demurrer and directed the jury to return a verdict in favor of defendant. A verdict was returned accordingly and judgment entered thereon in favor of defendant.

Thereafter, on motion of plaintiff the trial court set the verdict aside and granted a new trial. Upon request of defendant that he state his reasons for granting a new trial, the court, among other reasons, gave the following reasons:

"3. That Addie Conner purchased the property in question from Floyd Wallen on the 31st day of July, 1940, taking title thereto in the name of her brother, Andy Ramsey, as a matter of convenience."

"5. That Andy Ramsey and Fannie Ramsey, nor either of them, were ever seized or possessed of any interest in or to said property of any description whatsoever."

"7. That the facts, so far as developed in this action, are such that the court cannot, in good conscience as a matter of justice and equity, permit the judgment herein to stand."

From the order granting a new trial, defendant appeals.

It is the contention of defendant that plaintiff in her petition relied solely for recovery upon the deed executed by Mr. and Mrs. Andy Ramsey to her; that since the deed was held void by the court and excluded, such deed can furnish no basis of title; that the evidence offered by her for the purpose of establishing a trust relation was improperly admitted and could not therefore be considered by the court either in its ruling upon the demurrer, motion for directed verdict or in considering the motion for new trial; that eliminating this evidence there was no competent evidence introduced which would support a verdict in favor of plaintiff and the court therefore abused its discretion in granting a new trial.

It is the contention of plaintiff that in her petition she pleads both a legal and equitable title in her; that under this allegation evidence was admissible tending to show an equitable title; that it is not essential in order that plaintiff might recover that she show in her a full legal title, but that she may recover upon a showing of an equitable title. It is, of course, true that an equitable title is a sufficient title upon which to predicate an action in ejectment. 12 O. S. 1941 §1141; Laughlin v. Fariss, 7 Okla. 1, 50 P. 254; Criner v. Davenport-Bethel Co., 144 Okla. 74, 289 P. 742; Mitchell v. Humphrey, 36 Okla.

711, 129 P. 744. In Koch v. Deere, 50 Okla. 783, 150 P. 1102, and Tidal Oil Co. v. Flanagan, 87 Okla. 231, 209 P. 729, this court held under chapter 10, Sess. Laws 1910 (12 O. S. 1951 §1141), one not in possession of real property may maintain an action in ejectment to recover possession thereof and may join with such action an action in equity for the cancellation of a deed and to remove the same as a cloud upon plaintiff's title.

As applied to the present case plaintiff in her action in ejectment had the right to join with her action an action in equity for the purpose of establishing that defendant is holding the legal title to the land in question in trust for her.

It clearly appears from the evidence admitted that plaintiff has such title as entitles her to recover. The trial court evidently failed to consider such evidence when it sustained the defendant's demurrer thereto and directed a verdict in favor of defendant.

The trial court might have concluded that its action in overruling the objection of defendant to the challenged evidence and permitting it to be introduced misled counsel and might have prevented him from then amending his petition so as to plead the facts to the prejudice of plaintiff, and on that theory alone concluded that a new trial should be granted and that plaintiff, as she now contends, should be permitted at a new trial to amend her petition so as to plead the facts relied upon to establish title.

The trial court in granting a new trial is not confined strictly to statutory grounds. We have repeatedly held that trial courts are vested with a very large and extended discretion in the granting of new trials and that an order granting a new trial will not be reversed on appeal in the absence of a showing of a clear abuse of discretion. Gripe v. Grieves, 188 Okla. 565, 111 P. 2d 818.

Under the record herein it cannot be said that the trial court abused its discretion or acted arbitrarily in granting a new trial.

Affirmed.

HALLEY, V. C. J., and GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.