NORTHWEST NATIONAL BANK, a Corporation, Plaintiff in Error,

v.

BOECKING CONSTRUCTION COMPANY, a Corporation, Defendant in Error.

No. 38704.

Supreme Court of Oklahoma.

April 11, 1961.

Rehearing Denied May 9, 1961.

Butler, Rinehart & Morrison, Oklahoma City, for plaintiff in error.

Reynolds & Ridings, Oklahoma City, for defendant in error.

WELCH, Justice.

This action was originally filed in the District Court of Oklahoma County, Oklahoma, by Boecking Construction Company, plaintiff, against Northwest National Bank, defendant, for recovery of money received by the defendant as collecting bank from the drawee bank for checks bearing forged endorsements which were issued by the plaintiff against its account with the drawee bank. The case was tried to a jury and resulted in a verdict and judgment in favor of defendant. Plaintiff filed a motion for new trial which was granted. It is from this order that defendant prosecutes its appeal.

The court gave four basic reasons for granting the new trial.

1. Error in instructing the jury to ascertain whether ordinary care was exercised by the plaintiff in drawing and issuance of checks, since there was no evidence thereon.

2. Error in requiring the plaintiff to prove the three payees were fictitious persons when this fact was admitted by the pleadings.

3. Refusing plaintiff's requested instructions that defendant prove it was not negligent before it take advantage of alleged negligence of plaintiff.

4. The court was not satisfied with the verdict.

It is argued by the plaintiff in error that the court erred in granting new trial on the grounds announced by the court, because such are contrary to the statutory grounds for granting a new trial.

■ The trial court in granting a new trial is not confined strictly to statutory grounds. This court is thoroughly committed to the rule that a motion for new trial is addressed to the sound legal discretion of the trial court, and that every presumption will be indulged in favor of the ruling of the trial judge, and that where such motion is granted that on review this court will not disturb the same in the absence of a clear and convincing showing that such action constituted error on an unmixed question of law, or that such action was arbitrary or capricious. Ramsey v. Conner, 206 Okl. 39, 240 P.2d 1072; Gripe v. Grieves, 188 Okl. 565, 111 P.2d 818, and Smith v. Sims, 186 Okl. 364, 98 P.2d 55.

■ We must agree that the trial court was justified in granting a new trial for the first reason stated alone, since our courts do not require a drawer to be free from negligence in all cases in order to recover from an intermediary bank, as was the situation herein. The negligence of the drawer of the check is not controlling, and may be immaterial, unless it is such as directly and proximately affects the conduct of the bank in the performance of its duty. The question of negligence cannot control, or perhaps cannot be material unless the drawer has in drawing his check left blanks unfilled, or by some affirmative act of negligence has facilitated the commission of a fraud by those into whose hands the checks may come. National Bank of Commerce v. Fish, 67 Okl. 102, 169 P. 1105, L.R.A.1918F, 278; McCornack v. Central State Bank, 203 Iowa 833, 211 N.W. 542, 52 A.L.R. 1297; Goodfellow v. First National Bank, 71 Wash. 554, 129 P. 90, 44 L.R.A.,N.S., 580; Los Angeles Investment Co. v. Home Savings Bank, 180 Cal. 601, 182 P. 293, 5 A.L.R. 1193; United States Cold Storage Co. v. Central Mfg. Dist. Bank, 343 Ill. 503, 175 N.E. 825, 74 A.L.R. 811.

Therefore it was error for the trial court to instruct jury that they must find plaintiff was free from negligence as claimed by defendant.

In the case of Pfrimmer v. Johnson et al., 195 Okl. 33, 154 P.2d 765, we held:

"This court will not reverse the ruling of the trial court granting new trial unless it can be seen beyond all reasonable doubt that the trial court has manifestly erred with respect to some pure, simple, and unmixed material question of law, and that except for such error the ruling of the trial court would not have been made. It will very seldom and very reluctantly reverse the decision or order of the trial court granting a new trial."

In the above case we said:

"Though it is difficult for us to understand, considering the instructions together, how instruction No. 11 could have resulted in prejudice affecting detrimentally and materially the rights of the defendants, the trial court evidently entertained this view of the matter and for this reason granted new trial to all defendants. We cannot say as a matter of law that the trial court abused its discretion in so doing."

Therefore, for the reasons above stated, we are of the opinion and so hold, that the trial court should be affirmed.

Plaintiff in error has raised other questions in its brief, however, in view of our ruling we deem it not necessary to pass upon them.

Affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.

JACKSON, J., dissents.