JAY NUCKOLLS TRUCK LINE, INC., an Oklahoma Corporation, Plaintiff in Error,

v.

Ella STEPHENS, Administratrix of the Estate of Charles E. Stephens, Deceased, Defendant in Error.

No. 39625.

Supreme Court of Oklahoma.

March 5, 1963.

Rehearing Denied April 2, 1963.

Welcome D. Pierson, Oklahoma City, for plaintiff in error.

Spurr & Steed, Alfred M. Parson, by J. Rex Spurr, Shawnee, for defendant in error.

PER CURIAM.

This action was brought for $52,650.00 damages and for $497.82 burial expense, and for costs.

The answer of the defendant was in fact a general denial. At the conclusion of the evidence, which was conflicting, the jury returned a general verdict for plaintiff for $500.00.

The plaintiff filed a motion for new trial alleging misconduct of the jury; inadequate damages appearing to have been given under the influence of passion or prejudice; that the verdict is not sustained by sufficient evidence and is contrary to law; that the verdict is contrary to and in disregard of the court's instructions; that the verdict of the jury is contrary to the evidence and is inadequate under said evidence.

The trial court after a hearing on the motion for a new trial took the matter under advisement for about three weeks, then the record shows:

> "Motion for New Trial comes on for hearing; Plaintiff present and by her attorney Rex Spurr; Defendant present and by his attorney Welcome Pierson; Motion for New Trial sustained; Defendant excepts and gives notice in open court of appeal to the Supreme Court. * * *"

In the journal entry of judgment and order sustaining motion for new trial we find as to the motion for a new trial:

> "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the court that the motion for new trial of

the plaintiff be sustained to which ruling of the court the defendant excepts and exceptions are allowed by the court.

> "THEREUPON the defendant requests the court to state his reasons for the sustaining of the motion for new trial which was accordingly done."

No record was made by the court reporter of the reasons given by the trial court for sustaining the motion for a new trial, and it appears the parties have not been able to supply such record or any part thereof.

In Northwest National Bank v. Boecking Construction Co., Okl., 361 P.2d 686, we held:

> "* * * This court is thoroughly committed to the rule that a motion for new trial is addressed to the sound legal discretion of the trial court, and that every presumption will be indulged in favor of the ruling of the trial judge, and that where such motion is granted that on review this court will not disturb the same in the absence of a clear and convincing showing that such action constituted error on an unmixed question of law, or that such action was arbitrary or capricious. Ramsey v. Conner, 206 Okl. 39, 240 P.2d 1072; Gripe v. Grieves, 188 Okl. 565, 111 P.2d 818, and Smith v. Sims, 186 Okl. 364, 98 P.2d 55."

In Harper v. Pratt, 193 Okl. 86, 141 P.2d 562, we stated:

> "We have said in numerous cases that trial courts have great latitude and wide discretion in passing on motions for new trial and especially where the motion is sustained (Spruce v. Chicago, R. I. & P. Ry. Co., 139 Okl. 123, 281 P. 586); that the position occupied by the trial judge in the trial of a case places him in a better position than any other person to know whether substantial justice had been done (Avery, Adm'x. v. Goodrich, 138 Okl. 123, 280 P. 586); that the granting of a new

trial only places the parties in a position to have the issues between them again submitted to a jury or the court, thereby lessening any complaints of final or irreparable injustice to either side from the granting of a new trial (Nale v. Herstein, 94 Okl. 263, 222 P. 248); and that in view of these and other considerations this court will not reverse an order of the trial court granting a new trial unless error arising therefrom is clearly established in respect to some pure, simple and unmixed question of law. Jarecki Manufacturing Co. v. Thames, 151 Okl. 234, 3 P.2d 428. * * * "

The judge who presides at the trial of a case hears the testimony of the witnesses, observes their demeanor, and has a full knowledge of the proceedings had and done during the process of the trial, is in a better position to know whether or not substantial justice has been done than any other person. Where such judgment sustains a motion for a new trial, it will require a clear showing of manifest error and an abuse of discretion before the appellate court will be justified in reversing such ruling of the trial court.

The defendant in error has failed to make a clear showing of manifest error and abuse of discretion.

Affirmed.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

BLACKBIRD, C. J., and WELCH, DAVISON, JOHNSON and JACKSON, JJ., concur.

BERRY, J., concurs in result.

HALLEY, V. C. J., and WILLIAMS, J., dissent.