CITY OF TULSA, Oklahoma, et al.,
Plaintiffs in Error,

v.

Hugh B. and Nevola NICHOLAS,
Defendants in Error.

CITY OF TULSA, Oklahoma, et al.,
Plaintiffs in Error,

v.

F. L. RICHARDS and Clinton McGill,
Defendants in Error.

No. 40134.

Supreme Court of Oklahoma.

Oct. 8, 1963.

Charles E. Norman, City Atty., Louis Levy, Asst. City Atty., Tulsa, for plaintiffs in error.

Landrith & McGee, Thomas A. Landrith, Jr., Richard K. McGee, William A. Harrington, Tulsa, for defendants in error.

JOHNSON, Justice.

This is an appeal from an order of the District Court of Tulsa County, Oklahoma, sustaining. motions for a new trial in two zoning cases consolidated for the purpose of trial and likewise for appeal.

The defendants in error, Nicholas and wife, are the owners of Lots 16 and 17 in Block 1, Sheridan Heights Addition to the City of Tulsa, Oklahoma. Richards and McGill are the owners of Lot 18, Block 5, Sheridan Heights Addition to the City of Tulsa. Nicholas is a physician and seeks to enjoin the city from enforcing a zoning ordinance which prohibits him from using his property for his professional office. The defendants in error, Richards and McGill, in a similar suit sought to enjoin the enforcement of the same ordinance against the opening of a filling station. The trial court, after consolidation of the two cases, denied the injunctions. Upon the presentation of the motions for new trial, the trial court granted new trials, and the City of Tulsa appeals.

A perusal of the briefs would indicate that the City insists that the motive behind these applications is purely one of profit. We think that this argument in these cases is wholly irrelevant. While profit or loss by reason of rezoning may be considered, we are of the opinion that the fact of resultant profit to the property owner is no defense to such an application if the other factors justify the rezoning. There is probably no case in which an application is made that one of the motives is not an increased return in some form from the property. In a consideration of these cases, this element shall be disregarded and consideration given to the other factors shown by the evidence.

The sole issue involved here, namely, whether the trial court abused its discretion in granting a new trial, necessitates a·review of the evidence.

The following facts stand undisputed:

1. At all of the hearings had before the various arms of city government there were no protests filed; but, on the contrary, a petition signed by 67 property owners in the vicinity was filed asking that the property be zoned as sought.

2. All of the property involved in these suits is in a U–1C single family residential zone.

3. All of the property involved is located on Sheridan Road, a heavily traveled four-lane street.

4. All of the properties both east and west of Sheridan Road face on east and west streets and not on Sheridan Road.

5. There is business zoning on Sheridan Road one block south of the Richards-McGill property and about one block north of the Nicholas property. The area not zoned for business on Sheridan Road is a total of three blocks in length.

In addition to the above undisputed facts, there were several witnesses for plaintiff, expert and otherwise, who discussed the situation in detail and expressed opinions concerning the situation. There were many exhibits introduced consisting of pictures, plats, ordinances, etc.

For the City there were but two witnesses, one of whom was connected with the Area Planning Commission and the other with a city planning consulting firm. They explained the overall picture and the reasons for resisting the zoning.

At the conclusion of the evidence, the trial court denied the injunction. The plaintiffs filed motions for new trial, and the trial court upon consideration thereof sustained said motions over the objections and exceptions of the City. This appeal of the consolidated cases by the City followed.

The trial court at no time entered any judgment granting the injunction sought by plaintiffs. The ruling appealed from involves but one thing—the granting of a new trial. The propriety of this ruling is the only question for our determination.

■ The rule of law governing this situation is clearly expressed in the very recent case of Hillcrest Medical Center v. Wier, Okl., 373 P.2d 45, wherein the syllabus by the court reads:

> "The granting of a new trial is within the sound judicial discretion of the trial court, and its action in so doing will not be disturbed on appeal unless the record clearly shows that the court acted arbitrarily or erred in its view of some pure unmixed question of law and that the new trial was granted wholly because of such erroneous view of the law."

This rule is set forth in so many Oklahoma decisions that its correctness is beyond question. See 2A Oklahoma Digest, Appeal and Error, ■

■ We have carefully examined the record and made a résumé thereof herein. We hold that such record does not reflect grounds for reversal within the above rule.

Judgment affirmed.

BLACKBIRD, C. J., and WELCH, DAVISON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.