The CITY OF ADA, Oklahoma, a Municipal Corporation, Plaintiff in Error,

v.

Cecil ETHERIDGE and Ann Etheridge, Defendants in Error.

No. 41182.

Supreme Court of Oklahoma.

Feb. 15, 1966.

534

Lawrence H. Green and Conn, Mayhue, Kerr & Harris, by R. Burl Harris, Ada, for plaintiff in error.

Robert H. Macy, Ada, for defendants in error.

HALLEY, Chief Justice.

The parties herein will be referred to as they appeared in the trial court. Plaintiffs, the owners of residence property in Ada, Oklahoma, sued the defendant, City of Ada, for damages contending that defendant created a nuisance by the faulty construction and maintenance of its sewer system, causing injury to their property.

The jury returned a verdict in favor of the defendant. The trial court granted the plaintiffs a new trial. The sole question presented in this appeal is the correctness of the ruling of the trial court in directing a new trial.

At the trial defendant stipulated that during periods of heavy rainfall its sewers overflowed, creating a private nuisance which could be abated "by the expenditure of labor and money".

The evidence was undisputed that during the rainy periods the manholes constituting a part of the sewer system of the defendant overflowed depositing raw sewage and fecal substances on the premises of the plaintiffs.

Defendant admitted it was having difficulty solving the problem permanently and offered evidence that at one time it was attempting to offer temporary relief by laying a line across plaintiff's premises to which plaintiffs objected. Plaintiff testified that the only effect of the temporary repair would be to move the "stink and smell from my front yard to my back yard."

At the request of the defendant the trial court stated his reasons for granting a new trial, as follows:

"Well, I think that the City admitted all of the way through that there was a nuisance over there, and that he was entitled to something. And I think the jury should have given them some damages. Now, how much, I don't know, but I think that the City, all of the way through, admitted that there was a nuisance over there—that they created a nuisance—not only in their pleadings but in their argument to *counsel* they even admitted it. That is my recollection."

This Court is firmly committed to the rule that the granting of a new trial is within the sound legal discretion of the trial court. Every presumption will be indulged in favor of the ruling of the trial judge and this Court on review will not disturb the ruling of the trial judge in the absence of a clear showing of manifest error, an abuse of discretion or that such action was arbitrary or capricious. Boswell v. Groves, Okl., 387 P.2d 652; City of Tulsa v. Nicholas, Okl., 385 P.2d 816; Jay Nuckolls Truck Line, Inc. v. Stephens, Okl., 380 P.2d 248; Hillcrest Medical Center v. Wier, Okl., 373 P.2d 45; Burnett v. Tisdell, Okl., 370 P.2d 924; Ogletree v. Marcus, Okl., 361 P.2d 689; Northwest Nat. Bank v. Boecking Construction Co., Okl., 361 P.

2d 686; Houston v. Pettigrew, Okl., 353 P.2d 489; Jacobson's Lifetime Buildings v. City of Tulsa, Okl., 333 P.2d 307; Rein v. Patton, 208 Okl. 442, 257 P.2d 280; Noble v. City of Bethany, 206 Okl. 122, 241 P.2d 401; Ramsey v. Conner, 206 Okl. 39, 240 P. 2d 1072; Gripe v. Grieves, 188 Okl. 565, 111 P.2d 818; Smith v. Sims, 186 Okl. 364, 98 P.2d 55.

One of the most recent expressions of this Court on the subject is contained in Boswell v. Groves, supra, wherein we said:

"This court is committed to the rule that a motion for new trial is addressed to the sound legal discretion of the trial court, and that every presumption will be indulged in favor of the ruling of the trial judge, and that where such motion is granted then on review this court will not disturb the same in the absence of a clear and convincing showing that such action constituted error on an unmixed question of law or that such action was arbitrary or capricious.

"The judge who presides at the trial of a case, hears the testimony of the witnesses, observes their demeanor, and has a full knowledge of the proceedings had and done during the process of the trial, is in a better position to know whether or not substantial justice has been done than any other person. Where such judge sustains a motion for a new trial, it will require a clear showing of manifest error and an abuse of discretion before this court on appeal will be justified in reversing such ruling of the trial court."

The defendant has failed to establish any manifest error or abuse of discretion of the trial court in granting a new trial.

The judgment of the trial court sustaining the motion of the plaintiffs for new trial is affirmed.