**Carl M. RHOADES, Plaintiff in Error,**

**v.**

**Pauline YOUNG, Defendant in Error.**

**No. 42552.**

Supreme Court of Oklahoma.

Jan. 12, 1971.

Church, McDaniel & Roberts, Dale F. McDaniel, Tulsa, for plaintiff in error.

Best, Sharp, Thomas & Glass, Joseph M. Best, Joseph A. Sharp, Tulsa, for defendant in error.

DAVISON, Justice.

Carl M. Rhoades (plaintiff below) appeals from a judgment granting Pauline Young (defendant below) a new trial.

Plaintiff filed suit against the defendant to recover for personal injuries suffered by him and for damage to his automobile resulting from an automobile collision that took place while the parties were driving their respective automobiles. The jury returned a verdict for plaintiff. The trial judge granted a new trial on the ground that he had erred in refusing to permit counsel for defendant to cross-examine plaintiff's witness, Triplett (who was a passenger in plaintiff's car), regarding payment of Triplett's medical bills by plaintiff's representative. The purpose of the cross-examination was to show the bias and prejudice of the witness Triplett.

The accident took place in a rural area on a two-lane blacktop highway that ran east and west. Plaintiff drove his automobile from the south, out of a private drive, and turned left (west) on the highway. A pick-up truck was approaching from the west at some distance west of plaintiff's entry on to the highway. Defendant was approaching from the east, but her view of plaintiff's entry was blocked by a hill to the east of the private drive. When defendant passed over the crest of the hill she immediately applied her brakes, but her car rammed into the rear of plaintiff's car. The point of collision was 36 feet west of the private drive.

One of the main fact issues raised by the evidence was whether defendant could have avoided the accident, by passing plaintiff on the left without colliding head-on with the approaching pick-up truck, or could have passed plaintiff to the right on the highway shoulder. There was testimony that the highway shoulder sloped down into a ditch. Defendant's evidence was that she could not safely avail herself of either course. Plaintiff's principal witness Triplett testified positively that defendant could have safely used either method of avoiding the accident.

During the trial the defendant's counsel on cross-examination of Triplett asked him whether plaintiff had paid his (Triplett's) medical bills. An objection to this course of cross-examination was sustained. Dur-

ing a recess in the trial defendant's counsel made the following offer of proof:

> "We offer to show that if the witness were permitted to answer questions concerning his payment either amounts of money received or payment of medical bills that he would advise that a representative of the plaintiff had paid these and he therefore was not obligated to pay them. In addition to what other moneys he may have received."

Plaintiff's objection to this offer was sustained.

The trial court granted defendant's motion for new trial on the ground that it had erroneously sustained the above objections.

In Frierson v. Hines, Okl., 426 P.2d 362, a similar situation was presented to this court. In that case the plaintiff's principal witness in a personal injury case testified positively and unequivocally for the benefit of the plaintiff. The defendant sought to discredit the testimony of this witness by showing on cross-examination of the witness that she had settled her claim against plaintiff because of the way he drove the bus in which she was a passenger. The trial court sustained plaintiff's objection to this cross-examination. On appeal we reversed a judgment rendered on jury verdict in favor of plaintiff and remanded the case for a new trial because the trial court had committed error.

 In Frierson we said that it was the general rule that refusal to allow any cross-examination upon matters tending to effect the credibility of a witness was error, and that cross-examination of a witness for the purpose of eliciting facts to show bias, prejudice or friendship was always considered competent. We further held as follows:

> "While cross-examination of a witness ordinarily should be confined to matters as to which a witness has been examined in chief, he may be asked any question which reasonably tends to explain, contradict or discredit his testimony."

 A motion for new trial is addressed to the sound legal discretion of the trial court, and every presumption will be indulged in favor of the ruling of the trial judge, and where the motion is granted this court will not disturb the same in the absence of a clear and convincing showing that such action constituted error on an unmixed question of law or was arbitrary or capricious. Jay Nuckolls Truck Line, Inc. v. Stephens, Okl., 380 P.2d 248.

It is our conclusion that under the circumstances in the present case the trial court did not err in granting defendant a new trial.

Affirmed.

WILLIAMS, BLACKBIRD, JACKSON, IRWIN, HODGES, LAVENDER and McINERNEY, JJ., concur.