STATE of Oklahoma, ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Plaintiff in Error,

v.

John COLLINS and Beatrice Collins, husband and wife, Defendants in Error.

No. 42844.

Supreme Court of Oklahoma.

March 9, 1971.

J. M. Peters, Dept. of Highways, Oklahoma City, for plaintiff in error.

Kerr & Kerr by Ryan Kerr, Altus, for defendants in error.

McINERNEY, Justice.

This appeal has been taken from the sustaining of a motion for new trial to the landowners in a condemnation case, after the jury had fixed damages. Three grounds for the grant were stated by the trial judge, but his principal reason which is dispositive here was the asserted prejudicial effect of a remark made by the condemnor's attorney during final argument, to wit:

> "That if the jury believed that the State of Oklahoma had come down with a big bag of money to pay the bill for acquisition of land, that they were mistaken and that *you, the taxpayers of Jackson County, are going to pay for the acquisition of this land."*

The trial judge expressly found that this statement was made deliberately by the condemnor's attorney. Condemnor's attorney has not challenged this express finding of the trial court. During the argument the landowners had objected to the statement, and had secured an admonition from the judge for the jury not to consider the remark. They did not move for a mistrial at the time, but later made this statement the principal grounds for their Motion for a New Trial, which, as stated, the trial court sustained.

The grant of a new trial is conceded to be a matter within the trial court's discretion; and although this discretion must be exercised in accordance with legal standards, and is not to be taken as an authorization for a trial judge to overturn jury verdicts for what he personally might deem to be a subjectively more "just" result, Cosmo Const. Co. v. Loden, Okl., 352 P.2d 910 (1960), Bishop's Restaurant, Inc. of Tulsa v. Whomble, Okl., 355 P.2d 560 (1960), it yet remains established under our law that a greater showing of abuse of discretion must be made to reverse a grant of a new trial, than is required to reverse the denial of one. Horn v. Sturm, Okl., 408

P.2d 541, 546, and Syl. 1 (1965). The grant of a new trial, therefore, will be reversed only if "the record shows clearly that the court erred in its view of some pure, unmixed question of law, or has acted arbitrarily or capriciously," St. Louis & San Francisco Ry. Co. v. Grady, 204 Okl. 654, 233 P.2d 277, Syl. (1951), and Northwest National Bank v. Boecking Const. Co., Okl., 361 P.2d 686, 688 (1961).

The fact that during the final summation the trial court admonished the jury to disregard the statement would not by itself necessarily constitute so complete a cure to prejudicial argument as to make further remedy by way of new trial erroneous. See Houston v. Pettigrew, Okl., 353 P.2d 489, 492 (1960), and Sadler v. Arizona Flour Mills, 58 Ariz. 486, 121 P.2d 412, 413 (1942); compare Haid v. Loderstedt, 45 N. J.Super. 547, 133 A.2d 655, 657 (1957), quoting favorably from Georgeson v. Nielsen, 218 Wis. 180, 260 N.W. 461, 463 (1935).

Having established the proper standard for review, we now turn to the merits: was the trial court's inference of prejudice from the condemnor's argument clearly and convincingly erroneous as a question of pure, unmixed law, or has it acted arbitrarily or capriciously?

Although the precise question of the propriety of granting a new trial under similar facts has apparently never been presented to this Court, the general rule appears to be that it is improper to argue to a condemnation jury that it is the taxpayers who will ultimately bear the cost of the condemnation damages awarded. See Annotation, "Propriety and Effect, in Eminent Domain Proceeding, of Argument or Evidence as to the Source of Funds to Pay for Property," 19 A.L.R.3d 694 (1968). It is settled that the source of the money to pay a condemnation award is immaterial. Bilby v. District Court of Ninth Judicial District, 159 Okl. 268, 15 P.2d 38 (1932). What is not settled, however, is whether arguments relating to the source of the money are necessarily prejudicial, and if so, whether anything more than an admoni-tion to the jury to disregard the statement is required.

We feel that we need not resolve these abstract questions in the instant case, or lay down at this time a general rule for this jurisdiction, in view of the specific factual situation presented here: that the condemnee's interjection of the "taxpayers" burden herein was neither a neutral declarative statement, nor one uttered by mere inadvertence, but was on the contrary an inflammatory plea to the jurors' passions, and, as the trial court concluded, one deliberately indulged in.

Under the circumstances of this case, we decline to hold that the trial judge, in granting a new trial, either clearly and convincingly misapplied a question of pure, unmixed law, or that he acted arbitrarily and capriciously. Stillwell v. Johnson, Okl., 272 P.2d 365, 367 (1954).

Affirmed.

All the Justices concur.