**212**

STATE of Oklahoma ex rel. DEPARTMENT
OF HIGHWAYS of the State of
Oklahoma, Appellants,

v.

Carolyn M. OWEN and Larry Whaley
et al., Appellees.

No. 47810.

Supreme Court of Oklahoma.

March 30, 1976.

Appeal from the District Court of Oklahoma County; Harold C. Theus, Trial Judge.

In this action, the plaintiff, the State of Oklahoma ex rel Department of Highways of the State of Oklahoma (appellant), sought to acquire for highway purposes a part of a tract of land owned by the defendant, Carolyn M. Owen, and under lease to the defendant, Larry Whaley (appellee). The plaintiff, appellant, also sought to acquire all access rights of the defendants, appellees, from the whole tract to an existing federal highway.

After jury trial and verdict, the court sustained defendants', appellees', motions for new trial and the present appeal is from that order. *AFFIRMED.*

Anderson, Bonham, Brogden and Fellingham, by William H. Brogden, Oklahoma City, for appellant.

McClelland, Collins, Sheehan, Bailey, Bailey & Belt, by William F. Collins, III, Oklahoma City, for appellee, Carolyn Owen.

Eagleton, Nicholson, Pate & Gill, by James R. Eagleton, Oklahoma City, for appellee, Larry Whaley.

DAVISON, Justice:

This is a condemnation action brought by the plaintiff, State of Oklahoma ex rel Department of Highways of the State of Oklahoma (appellant), to acquire for highway purposes a part of a tract of land owned by the defendant, Carolyn M. Owen (appellee), and under lease to the defendant, Larry Whaley (appellee). Other parties defendants now have no interest in the property or this litigation and are not parties in this appeal. The parties will be referred to as "State", "Owen", and "Whaley."

The tract involved consists of a rectangular area in Oklahoma City of approximately one-half acre. The tract is located some six hundred feet east of Kelley Avenue and is bounded on the east and west by private property and it is bounded and abuts northeast 63rd Street on the north and the Northeast Expressway (US 66) on the south. There is present access to this

tract from both northeast 63rd Street and from the Northeast Expressway.

The tract is presently being used and has been used since 1965 as an A & W Root-beer Franchise Drive-in food service establishment, operated by the lessee, Whaley. Permanent improvements for that purpose are on the tract.

The State seeks in this action to acquire only .04 acres (1,733 square feet) of this tract, but it seeks also to acquire all access rights from this tract to the Northeast Expressway, which will become Interstate I–440, upon completion of the project. The project calls for a frontage road on the south side of this tract, that is between this tract and the interstate highway. This tract will have access to the frontage road and of course, still have its present access to northeast 63rd Street. The nearest access in this area to the interstate highway will be the interchange at Kelley Avenue.

The commissioners, appointed by the court, filed a report fixing the total damages to the appellees, resulting from the taking, at $18,000.00. The State deposited this amount and it was disbursed to Owen and Whaley. No controversy is shown between Owen and Whaley.

Both Owen and Whaley filed exceptions to the report and demanded a jury trial. The case was tried to a jury and a verdict found the total damages to be $45,000.00. Owen and Whaley filed motions for new trial, which the court sustained. The appeal by the State is from the order sustaining the motions and granting a new trial. The court, in its order, did not set out its reasons for granting a new trial, hence a brief review of the testimony and certain pre-trial proceedings is essential.

Prior to the trial, Owen filed a motion in limine reciting that the former husband of Owen, who was a joint tenant in the tract with her at the time, signed with the State a driveway agreement. This agreement, dated January 27, 1965, was a permit to build a driveway from the tract onto the Northeast Expressway, as required by 69 O.S. § 1210, on all state or federal highways. This agreement contained a printed provision that it was temporary and upon completion of a frontage road, the applicant shall, "waive all right of access." Owen stated in a trial brief that the State asserts that Owen waived right to compensation for loss of ingress and egress. The State filed nothing. A hearing was held with no record of the proceedings shown. The court ordered the agreement not to be admitted into evidence or mentioned at the trial.

Owens sets up numerous defenses to this agreement in her motion. We do not know what the State's claim is or on what basis the court ruled. This is not an issue before us at this time for two reasons. First, the State's appeal seeks only to sustain the jury verdict and second, no record is before us on which a decision could be made. We express no opinion thereon and confine ourselves solely to the action of the court in granting a new trial. This matter is mentioned only because it explains the reason for the unusual evidence of the State, which evidence appears to be the principal basis for the granting of a new trial.

The testimony of Owen and Whaley showed that some 70% to 75% of the customers of the drive-in come from the Northeast Expressway and that after the project is completed, the customers on the interstate will have to use an interchange and get to this drive-in from either northeast 63rd Street or the frontage road. Suffice it here to say, that the major element of damages in the testimony was the loss of access to the Northeast Expressway and the inconvenience of the new access.

The total damage figure testified to by Owen was between $155,000.00 and $175,-000.00. Three appraisers testifying as expert witnesses for Owen and Whaley set the total damage figure respectively at $91,-000.00, $102,000.00 and $108,833.00.

The State used one witness only. This witness was an appraiser testifying as an expert witness and he set the total damages at $15,000.00. He testified, in answer to the questions of the State's attorney, that

in his appraisal he did not consider the loss of access to the Northeast Expressway. On this matter, we note the following questions and answers in the direct examination.

"Q. Now we, representing the Highway Department, instructed you in your appraisal not to consider any damages to the direct access to the interstate highway, did we not?

A. That's correct.

Q. And you did not in this appraisal consider any damages as to the—what might have been a loss, if any, to the direct access to the northeast highway?

A. We were instructed not to consider any loss in value to the property attributable to loss of direct access to the expressway. We appraised it in accordance with these instructions."

Owen's attorney moved to strike the testimony of the State's witness, which motion was overruled by the Court.

The jury returned a verdict for $45,-000.00. Owen's attorney moved for a judgment notwithstanding the verdict and asserted this judgment should be at least $91,000.00, the lowest figure set by witnesses for Owen and Whaley, and urged that there was no evidence of total damages other than the testimony of the witnesses for Owen and Whaley. This motion was overruled.

The only question before us is the trial court's order granting a new trial. We stated the general rule governing such a question in *City of Ada v. Etheridge,* Okl., 411 P.2d 533 (1966) as follows:

"This Court is firmly committed to the rule that the granting of a new trial is within the sound legal discretion of the trial court. Every presumption will be indulged in favor of the ruling of the trial judge and this Court on review will not disturb the ruling of the trial judge in the absence of a clear showing of manifest error, an abuse of discretion or that such action was arbitrary or capricious."

We have also said in *Wilson v. Central State Bank of Muskogee,* 92 Okl. 234, 218 P. 1061 (1923), that this Court will not disturb the action of a trial court in granting a new trial, " * * * unless the court committed error upon a pure and unmixed question of law."

The State's witness here did not state what damages resulted from lack of access, if any. He stated only that he did not consider this element of damages. The case was tried on the basis that this was an element of damages and the court had admitted testimony from the landowner's witnesses on that point. The State's witness gave his opinion to the jury of the value of the tract before the taking and the value after the taking. In one sense, it seems that it would not be possible to give an opinion of the value of the tract after the taking, if he did not consider loss of access, unless in his opinion, there were no damages from loss of access. Yet, he did not testify that there were no damages because of loss of access. He merely said he did not consider the same because of his instructions.

The question before us now relates not the admissibility of the testimony of the State's witness, but rather whether the circumstances of its admission could have had such an effect on the jury as to justify the trial court to feel that a new trial was necessary.

The position the State takes is that the failure of its witness to consider loss of access merely goes to the weight of the testimony and not to its admissibility. This argument goes to the question of admissibility of evidence. That question is not before us.

The question here presented to us is whether the trial court abused its discretion in one thing only—the granting of a new trial. The trial court did not specify the reasons for granting a new trial and the trial court, no doubt, considered the total record before it. This was a somewhat unusual case and the trial court obviously felt some question existed as to whether jus-

tice had been done. The trial court merely restored the parties to their positions before their jury trial. In this matter, we particularly note our statement in *Draper v. Lack*, Okl., 339 P.2d 784 (1959), as follows:

> "Since an order and judgment granting a new trial only places the parties in position to have issues between them retried, the showing to reverse such judgment should be stronger than where it is sought to reverse a contrary one."

We cannot here say that the trial court abused its discretion in sustaining the motions for a new trial.

One thing more must be mentioned. The State has asked that if there be a new trial in this case, we instruct the trial judge to admit into evidence the driveway agreement heretofore mentioned. This issue was not before us in this appeal. We do not here pass on its admissibility or effect in a future trial.

The order of the trial court granting a new trial is affirmed.

HODGES, V. C. J., and IRWIN, BERRY, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.