## HARPER et al. v. PRATT et al.

No. 30984. Sept. 21, 1943.

*141 P. 2d 562.*

Thompson & Braly, of Ada, for plaintiffs in error.

Turner M. King and Carloss Wadlington, both of Ada, for defendants in error.

BAYLESS, J. Maurine Hill Harper and Rosemary Hill Floyd, plaintiffs below, appeal from an order of the district court of Pontotoc county, Okla., sustaining motions for new trial filed by B. A. Pratt and Lee Bray, defendants below. Their primary contention is that the court committed reversible error in granting the defendants' motions for new trial and vacating the judgment which had theretofore been rendered in the action in favor of plaintiffs.

The parties have outlined the pleadings and issues and have summarized the evidence introduced by each side and have argued at great length with respect to the weight and value thereof, particularly with respect to the judgment once rendered thereon and the order granting the new trials. We have given consideration to all of these matters and are of the opinion that the state of the evidence, which after all governs the law applicable, is such that the rule which this court follows in passing upon the action of a trial judge in granting a new trial applies here.

We have said in numerous cases that trial courts have great latitude and wide discretion in passing on motions for new trial and especially where the motion is sustained (Spruce v. Chicago, R. I. & P. R. Co., 139 Okla. 123, 281 P. 586); that the position occupied by the trial judge in the trial of a case places him in a better position than any other person to know whether substantial justice had been done (Avery, Adm'x, v. Goodrich, 138 Okla. 123, 280 P. 586); that the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or the court, thereby lessening any complaints of final or irreparable injustice to either side from the granting of a new trial (Nale v Herstein, 94 Okla. 263, 222 P. 248); and that in view of these and other considerations this court will not reverse an order of the trial court granting a new trial unless error arising therefrom is clearly established in respect to some pure, simple, and unmixed question of law (Jarecki Manufacturing Co. v. Thames, 151 Okla. 234, 3 P. 2d 428). Numerous decisions of this court on this point announcing the above rules and applying them to almost every variety of situation can be found in Am. Dig. (West), under the

head of Appeal in Error, Key No. 977 (3), and New Trial, Key No. 6.

It would not serve any good purpose to review the evidence in this case or to express an opinion with respect to the weight or value thereof in view of the fact that there is likely to be a second trial of this matter. It is sufficient to say that we do not believe the plaintiffs in error have shown that the court erred in granting the new trial when his act in so doing is reviewed in the light of the decisions above stated.

The judgment of the trial court is affirmed and the cause is remanded to the trial court for further proceedings.

CORN, C. J., GIBSON, V. C. J., and RILEY, WELCH, HURST, and DAVISON, JJ., concur. OSBORN and ARNOLD, JJ., absent.