PFRIMMER v. JOHNSON et al.

No. 30582.   Dec. 5, 1944.

Rehearing Denied Jan. 16, 1945.

*154 P. 2d 765.*

H. L. Smith, of Tulsa, for plaintiff in error.

Hudson & Hudson, of Tulsa, for defendants in error.

ARNOLD, J. M. T. Pfrimmer brought this action against Walter B. Johnson, T. R. Husted, R. A. West, Cliff Goldsmith, Buck Seran, Milo Beck, and Roy Mogridge, enforcement officers, to recover damages for the malicious and unreasonable acts of the defendants in damaging or destroying personal prop-

erty belonging to him while executing a search warrant and conducting a raid on the Stork Club located in Tulsa.

In final analysis the case was tried and submitted to the jury on the theory that enforcement officers while conducting a search of another's premises in pursuance of a search warrant must act reasonably under all the circumstances, and such officers will be held liable for damage done by them if their acts causing the damage complained of were unreasonable under all the circumstances.

The court instructed the jury on matters pertinent to the determinative issue here:

"No. 1: You are instructed that it is admitted that at the time and place charged in the plaintiff's petition, the defendants, except the Western Casualty and Surety Company, were peace officers and went into the premises known as the Stork Club at 422½ South Boston Avenue, in the City of Tulsa, Oklahoma, with legal authority under a search warrant to make a search of the premises for intoxicating liquors. The only questions to be submitted to you, Gentlemen of the Jury are: Whether or not in making such search the individual defendants exceeded their authority under such warrant and did acts not necessary or proper to be done by them under the circumstances in the performance of their duty in making such search, and whether or not the property of the plaintiff was damaged by reason of excessive use of authority."

"No. 5: You are instructed that peace officers in the performance of their duties under a legal warrant authorizing them to search the premises have the right and duty to make such search, and in the performance of that duty may use all force reasonably necessary under the circumstances to make such search. In such cases, the officers not only have the right to make the search but have the right to do all reasonable acts necessary to do in such cases, and also in cases where violation of the law is committed in the presence of the officers when they are where they have the right to be, the officers have the

right to search the premises to procure evidence for the purpose of showing that such offense has been committed against the laws of the State of Oklahoma.

"In this connection, however, you are further instructed that no officer has any right to use more force than that reasonably necessary under all of the circumstances to perform his duties in conducting such search, and in the event that he does use more force than is reasonably necessary under all of the circumstances he is liable to any person injured by reason of any negligence on his part in the performance of such duty, or in damage done to personal property.

"In addition thereto you are instructed that if such officer in going beyond the performance of his duty and in damaging personal property of another is guilty of oppression, fraud, or malicious acts, the jury may, in its discretion give damages for the sake of example and by way of punishing the defendant, or defendants, which are called punitive or exemplary damages.

"No. 7: You are instructed that in making a search of premises, the officer or officers acting under search warrant may break open an outer or inner door or window of the building or premises, or any part of the house or premises, or anything therein, to execute the warrant, if, after notice of his authority and purpose he be refused admittance. In this connection, you are further instructed that if there is no person at that time and place upon whom demand can be made or if there is no person at such time and place who has power or authority to accede to the request of the officer or officers to open up any part of the premises or anything therein during a lawful search, the officer or officers may proceed to use force to break upon such part of such house or premises or such thing therein in the due course of such search without such demand and without such refusal.

"No. 8: You are instructed that if personal or real property is damaged or destroyed by officers who are making a lawful search in a lawful and proper manner then no recovery can be had by the owner of such property against such officers, even though the owner of

such property did not have any knowledge of any unlawful conduct, business, or use of such property having taken place or taking place upon the premises searched or did not have knowledge of any unlawful use of the property damaged upon such premises by a third party, and even though there is no other person against whom such owner may have or seek recovery and no way by which such owner may be paid for the damage to his property.

"On the other hand if the officers in making a lawful search go beyond their authority or duty in making such search and either negligently, wilfully, wantonly or maliciously damage or destroy personal or real property not required to be damaged or destroyed in the proper performance of their duties in making such search, then the owner of such property may recover from the officers for such damage or destruction, even though such owner knew that the premises were being searched were being used for an illegal purpose or participated therein.

"No. 10: You are instructed that if you find and believe by a preponderance of the evidence in this case that the individual defendants named, or any of them, in the performance of their duty to search the premises referred to herein acted carelessly, negligently or maliciously, or in such manner other than an ordinarily prudent person under the same circumstances with like authority would have acted, and if you further find and believe by a preponderance of the evidence that such carelessness or negligence was the proximate cause of the damage and injury to the plaintiff's property, or if you find and believe by a preponderance of the evidence that the defendants, or any of them, in conducting such search, wilfully, wantonly, intentionally or maliciously destroyed property of the plaintiff and not in the performance of their duties, then, and in either of such events your verdict will be for the plaintiff and against the defendants, or such defendants as you find guilty of such conduct.

"On the other hand if you do not find that in the performance of their duties that the defendants, or any of them, were guilty of negligence, or if you do not find that such negligence was the proximate cause of the damage and injury to the property of the plaintiff, and if you do not find that the defendants, or any of them, wilfully, intentionally, maliciously or oppressively damaged the property of the plaintiff, then in such event your verdict will be for the defendants, or for such defendants as you do not find guilty of such conduct.

"No. 11: You are instructed that 'negligence' as used in these instructions, is the omission of a duty required at the hands of the party sought to be charged, and ordinary negligence consists of the want of ordinary care and diligence.

"Negligence imports a want of such attention to the natural and probable consequences of the act or omission as a prudent man ordinarily bestows in acting in his own concern."

Then follows a correct definition of proximate cause.

The jury returned a verdict for the amount prayed for actual damages.

Judgment was entered on the verdict, but upon further consideration of the motions for new trial the judgment and verdict were vacated and a new trial ordered.

The court stated that the motions for new trial should be sustained because of error of the court in giving the instruction on ordinary negligence. (Instruction No. 11.)

Granting for the sake of argument, but without deciding, that the evidence showed that the conduct of the officers was unreasonable, we must yet determine whether the trial judge abused his discretion in sustaining the motions for new trial.

The defendants contend that there was no evidence of negligence introduced, and the court's instruction thereon was wholly unjustified and prejudicial, and for this reason new trial was correctly ordered. In a separate appeal they contend that judgment should have been entered in their favor and the cause dismissed.

A trial court has wide discretion in granting new trials where it reasonably entertains the opinion that justice has not been done by reason of consideration of erroneous instructions by the jury. A. & A. Taxicab Co., Inc., v. McCain, 179 Okla. 492, 66 P. 2d 17.

Instructions No. 10 and 11 were unnecessary and inappropriate in view of the other instructions given and the theory on which the case was tried and submitted.

Though it is difficult for us to understand, considering the instructions together, how instruction No. 11 could have resulted in prejudice affecting detrimentally and materially the rights of the defendants, the trial court evidently entertained this view of the matter and for this reason granted new trial to all defendants. We cannot say as a matter of law that the trial court abused its discretion in so doing.

Affirmed.

R I L E Y, O S B O R N, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. CORN, C.J., and GIBSON, V.C.J., dissent.