John F. PETERSON, Plaintiff in Error,

v.

Robert Leland SAPP, and Dresser Industries, Inc., a Delaware Corporation, d/b/a Pacific Pumps, Inc., Mid-Continent Division, Defendants in Error.

No. 39962.

Supreme Court of Oklahoma.

Sept. 24, 1963.

Jack B. Sellers, Sapulpa, for plaintiff in error.

Best, Sharp, Thomas & Glass, Joseph M. Best, Joseph A. Sharp, Tulsa, for defendants in error.

IRWIN, Justice.

John F. Peterson, referred to as plaintiff, brought an action against Robert Leland Sapp and Dresser Industries, Inc., to recover damages allegedly sustained in an automobile collision. The jury returned a verdict in favor of defendants and judgment was rendered accordingly. Plaintiff perfected his appeal from the order overruling his motion for new trial.

## FACTS

The automobile collision occurred on a street in Drumright, Oklahoma, after plaintiff had backed, or was backing, his automobile out of his driveway onto the street which was covered with ice and snow. Plaintiff testified he backed his car out of the garage and prior to backing into the street he stopped and looked both ways but saw no cars approaching from either direction; that he then backed his car into the street and came to a full stop on the west side of the street, with the car headed south; that before he could shift gears and go forward, he was struck from behind by the car driven by defendant Sapp; that there was sufficient room for defendant Sapp to have passed him on the left side.

Sapp testified that after he entered the street and headed south, a pick-up truck passed him; that he was traveling about 15 miles per hour and when he was approximately 40 or 50 feet north of plaintiff's driveway, he saw plaintiff backing out; that he immediately sounded his horn, applied his brakes and cut his front wheels to the left; that plaintiff did not stop but continued backing and his car struck the plaintiff's car from the rear. One of plaintiff's witnesses testified she heard Sapp sound his horn; that he immediately applied his brakes and cut his front wheels to the left but the car skidded and slid into the rear of plaintiff's car.

## PROPOSITION I

Plaintiff contends the trial court erred in instructing the jury on unavoidable accident and sudden emergency.

In Pankey v. Public Service Company of Oklahoma, Okl., 288 P.2d 373, we held:

"Where, from portions of the evidence of both plaintiff and defendant when considered together, and if found by it to be the facts, the jury might reasonably have concluded that neither of the drivers of two motor vehicles colliding at a street intersection was guilty of culpable negligence, and that the collision could not have been prevented by either using means suggested by common prudence, the issue of 'unavoidable accident' is sufficiently joined that the trial court may properly instruct the jury thereon."

In Wofford v. Lewis, Okl., 377 P.2d 37, we said:

"In its literal sense, an unavoidable accident is one that could not have

**500**

been prevented by any means at all, and it may be argued as an abstract proposition that there is no such thing as an unavoidable accident. However, the literal meaning has never been ascribed to the phrase 'unavoidable accident' in this jurisdiction. In Wilson v. Roach, 101 Okl. 30, 222 P. 1000, this court held:

"An 'unavoidable accident' is a casualty which occurs without negligence of either party, and when all means which common prudence suggests have been used to prevent it."

In Rosamond v. Reed Roller Bit Company, Okl., 292 P.2d 373, we said:

"In order to apply the emergency rule, it must be made to appear that the party seeking to invoke it is free from negligence in connection with the emergency."

Under the facts in the instant action, we are of the view that in order to determine that there was no evidence of unavoidable accident or a sudden emergency, it would be necessary to exclude the testimony in favor of the defendant and give full faith and credit to all the testimony of the plaintiff. The evidence on behalf of defendant discloses that the street was covered with ice and snow; that defendant was operating his automobile properly and was going a reasonable rate of speed when he first noticed plaintiff backing out of his driveway; that defendant sounded his horn and tried to avoid the accident; that plaintiff did not heed his warning and continued to back his car into the icy street.

Although the circumstances of the accident may indicate negligence, there is sufficient evidence in the event the jury chose to believe the testimony favorable to defendant that the defendant was free from negligence in connection with the emergency and that the accident was unavoidable. We therefore conclude that all the evidence, together with the pleadings, was sufficient to raise the issue of a sudden emergency and

an unavoidable accident and the trial court did not err in instructing the jury on these issues.

## PROPOSITION II

Plaintiff contends his rights were invaded by improper and prejudicial reference to the police report of the investigating officer.

The facts disclose the police officer, who made the investigation, was asked if he had any notes of his investigation and he said he had the original report. He was permitted by the trial court to refresh his memory from this report. The report as a whole was not offered in evidence but later in the officer's testimony, the attorney for the defendant referred to a diagram on the back thereof and stated outside the presence of the jury he would cut the diagram off and offer it in evidence but the trial court sustained an objection thereto. While there was considerable argument concerning the report before the trial court, the record shows it was all outside the hearing of the jury. In support of his contention the plaintiff cites Houston v. Pettigrew, Okl., 353 P.2d 489, and similar cases, but the facts therein are not comparable to the facts herein. Therein the report was offered, causing the plaintiff to object, thus prejudicing plaintiff's cause of action and the trial court granted a new trial. In the instant case, no portion of the offer was within hearing of the jury and no audible objection was made. The question propounded on appeal was raised in the motion for new trial which was considered by the trial court and overruled.

If any error was committed we are enjoined by Title 12 O.S.1961 § 78, to disregard the error and not reverse the judgment by reason of such error if the same did not affect the plaintiff's substantial rights. See also State ex rel. Department of Highways v. Weaver, Okl., 297 P.2d 549. We therefore conclude, that if error was committed, the same did not affect plaintiff's substantial rights and does not constitute grounds for reversal.

Plaintiff's contention that the trial court allowed improper examination of defendant Sapp, in admitting testimony that Mr. Sapp attended a certain church in Drumright, is without merit.

Judgment affirmed.