Wilmer Earl GADDY, Plaintiff in Error,

v.

MID-CONTINENT FREIGHT LINES, INC., a corporation, Continental Casualty Company, a corporation, and Joseph Henry Andoe, Defendants in Error.

No. 40246.

Supreme Court of Oklahoma.

Sept. 28, 1965.

Thomas A. Wallace, Wallace & Wallace, Sapulpa, for plaintiff in error.

Rucker, Tabor, Shepherd & Palmer, O. H. "Pat" O'Neal, Donald G. Hopkins, Tulsa, for defendants in error.

LAVENDER, Justice.

This is an appeal from the District Court of Creek County, Oklahoma. The parties will be referred to by their trial court designations.

The plaintiff was driving a large GMC semi-trailer truck in a southerly direction on the Will Rogers Turnpike on January 29, 1962. He was following a large International semi-trailer truck belonging to the defendant Mid-Continent Freight Lines driven by the defendant Andoe. The highway was a four-lane divided highway. At a point about 4.2 miles from the southwestern terminus of such road, repair work was being done on the right hand lane, and a barricade routed the traffic to the left hand lane for a distance of about a quarter mile. At a point a quarter of a mile from the end of the barricaded area, the road entered a bridge across the Verdigris River.

The petition alleges that the truck of defendant had entered the bridge in the left hand lane, and that plaintiff's truck was approaching from the rear and after giving the proper signals attempted to pass on the right hand side. The petition alleges that defendant's truck was turned to the right forcing plaintiff's truck through the guard rail on the bridge, falling a distance of 27 feet to the river bed and resulting in injuries to plaintiff, for which plaintiff seeks recovery. The negligence alleged is:

"(1) Driving said vehicle from the left lane to the right lane without first ascertaining that such movement could be made with safety, in violation of 47 O.S.1961 11–309;

(2) Failing to yield the right of way to his right when plaintiff was in the right hand lane driving in

conformity with the provisions of 47 O.S.1961 11–304;

(3) Ignoring the warning signal of plaintiff;

(4) Driving said vehicle to the right after ascertaining the danger of driving said vehicle to the right, or after said driver should have ascertained the danger in the exercise of reasonable care;

(5) Failing to keep said vehicle under control; and

(6) Failing to signal an intention to change lanes, in violation of 47 O.S.1961 11–604."

To this petition the defendants pleaded general denial, contributory negligence and sudden emergency.

The plaintiff's reply was a general denial.

A trial of the cause to a jury resulted in a verdict for the defendants. After the overruling of the motion for new trial, this appeal was perfected.

Only two propositions are urged for reversal, namely:

1. The trial court erred in submitting an instruction on the defense of sudden emergency.

2. The court submitted an erroneous instruction as to the rules of the road in the State of Oklahoma as applicable to the case.

We shall consider these in the order submitted.

In regard to number one, supra, the record shows that sudden emergency was pleaded by the defendant. The sole contention of the plaintiff is that the evidence wholly fails to establish a state of facts justifying this instruction. To be more specific, it is contended that the evidence fails to show any awareness of defendant's driver of any emergency; that in the absence of such awareness the doctrine could not apply.

There are two answers to this position, to-wit:

Defendant Andoe testified that just before the collision " * * * I started to make my move to the right, and as—I first looked in the mirror and there was nothing there and my signals were working. I looked in the mirror again to make my move to the right and just as I started, I would say I was just barely over the line, I looked up and there was a red object to the rear of my trailer, just out on the rear."

The witness then testifying further said:

"Q. After you saw that at that point what, if anything, did you do?

"A. I swung to the left and looked ahead and proceeded to stay in the left lane."

So there was evidence that the defendant driver was aware of the presence of plaintiff's truck before the collision. Whether the collision occurred then or after the defendant discovered the peril and whipped his semi-trailer back to the left was a matter for the jury to determine, and we are not disposed to disturb its verdict in that regard.

Again, if we disregard this evidence and assume that the defendant was not aware of the imminent collision, we are of the opinion that the rule enunciated in the case of Dunbar v. American Airlines, Inc., Okl., 376 P.2d 226, in the third paragraph of the syllabus is applicable here:

"An instruction which states a correct proposition of law, but which has no application to the issues involved, or the proof, will not warrant a reversal of the case, unless it is apparent that the erroneous instruction probably misled the jury."

It may be seen from the cases hereinafter cited that even if there was no awareness of the situation, the instruction as to a sudden emergency was so much surplusage, and there is no showing in this record that the instruction misled the jury.

Commenting upon a similar situation is the case of Threadgill v. Anderson, Okl., 303 P.2d 297, wherein we said in the body of the opinion:

"Under his Proposition III, defendant argues that the trial court com-

mitted error in giving its Instruction No. 9, which told the jury, among other things, that under our Statutes 'no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead.' It seems to be his theory that since the evidence showed no hazard, or other vehicle, in or upon the road, with which Mrs. Nobel's car collided, or which, in any manner, caused the accident, the 'assured clear distance ahead' rule was not applicable. We think no purpose would be served by entering into a lengthy academic discussion as to whether such instruction is strictly applicable to a case like the present one. Suffice it to say that, assuming the negative of this Proposition, there is nothing to make it appear that the jury was misled, or that defendant was prejudiced, by the giving of the instruction complained of. In St. Louis-San Francisco Ry. Co. v. Withers, Okl., 270 P.2d 341, it was demonstrated that this court will not ordinarily reverse a judgment merely because a particular instruction, or part thereof, may not be strictly applicable to the facts of the case; but that it may examine the record, including the evidence and the instructions as a whole, and if nothing appears therefrom, to indicate that the verdict upon which the judgment was based, lacks sufficient evidentiary support and that it would have been different had the alleged erroneous instruction not been given, we will hold that the alleged error was harmless. We have reached that conclusion with reference to the alleged error in Instruction No. 9."

 We come now to the second proposition. This instruction is a verbatim statement of the rules of the road incorporated in Title 47 O.S.1961, § 11–310(c). It therefore correctly stated the law as incorporated in the statute. The brief of plaintiff contains this admission: "This instruction could only have been given in connection with the defense of contributory negligence asserted by the defendants."

 The defense of contributory negligence was pleaded and relied upon by the defendants. Further, the rules set out in the cases cited herein under Proposition I are applicable here if this instruction was surplusage. If erroneously given, it is harmless error, there being no showing in the record that the jury was confused or prejudiced thereby.

The judgment of the trial court is affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, and BERRY, JJ., concur.

IRWIN and HODGES, JJ., concur in result.