**Paul Daniel BENSON, Plaintiff in Error,**

**v.**

**Jesse Lehman HEFLEY, Defendant in Error.**

**No. 40933.**

Supreme Court of Oklahoma.

Sept. 19, 1967.

Charles A. Shadid, Shadid, Black & Albert, Oklahoma City, for plaintiff in error.

Ross, Holtzendorff & Hurd, Oklahoma City, for defendant in error.

## PER CURIAM.

Parties occupy the same positions here as in the trial court and will be so referred to here.

This case arises out of a collision of two automobiles at the intersection of Northwest 6th Street and Classen Boulevard in Oklahoma City, Oklahoma. The defendant was driving north on Classen Boulevard and had stopped for the red light. When the light changed to green, he started to make a left-hand turn into Northwest 6th Street. In front of defendant walking north on the west side of Classen was a pedestrian by the name of Swanson. The

defendant slowed his car down to almost a complete stop in order to avoid hitting the pedestrian. The plaintiff was driving south on Classen Boulevard at an estimated speed of approximately 30 miles per hour. He did not stop at the traffic light as the light was green for him when he reached the intersection. The plaintiff continued on into the intersection and his car collided with that of the defendant. There is no question from the evidence that the plaintiff was driving much faster than the defendant.

The plaintiff bases his action on the alleged negligence of the defendant in the manner he was making the left turn. The defendant's position was that he had the right to make a left turn at this intersection and if the plaintiff had had his car under control and the pedestrian had not been in the defendant's way, he could have avoided the accident.

The plaintiff urges two grounds for reversal. The first is: That the trial court erred in overruling the motion of the plaintiff in error for new trial due to the error of the trial court in instructing the jury on the doctrine of sudden emergency, which doctrine, under the evidence, was inapplicable, resulting in fundamental error to the rights of the plaintiff in error herein. We are unable to see fundamental error in this instruction. It has to be fundamental error to constitute grounds for reversal as the plaintiff did not except to the giving of this instruction. 12 O.S. 1961, § 578; Wiggins v. Sterne, Okl., 293 P.2d 603. We see no error in giving this instruction on sudden emergency. It is as follows:

"*15*: You are further instructed that as one of his defenses the defendant contends that he was confronted by a sudden emergency; and, in this connection you are instructed that where a person is confronted with a sudden emergency, which was not brought about by his own negligence or want of care, such person has the legal right to do what appears

to him at the time he should do, so long as he acts in a reasonably prudent manner as any other person would have done under like or similar circumstances, to avoid an injury, and if he does so act, he will not be deemed to have been negligent even though it might afterwards be apparent that some other course of action would have been safer."

Under the testimony of the defendant and the pedestrian Swanson we think this instruction was proper.

We quote from defendant's testimony on this count, as follows:

"Q   Now, was there any pedestrian traffic in the vicinity?

A   Yes, there was one pedestrian going north on the west side of Classen and he stepped off the curb at approximately the same time I started to move forward from the stop zone, and as I started to make a left turn he walked directly across the Sixth street, going north, which would have put him directly in front of me, had I continued to make the left turn and proceed westward.

Q   So what did you do?

A   Well, I just didn't accelerate, I just let the car glide out into the intersection at a very low rate of speed.

Q   And what, if anything, happened?

A   Well, just as I had almost, or three-fourths completed the turn, but was actually about the middle of the middle lane of the southbound traffic and Mr. Swanson who was later identified as a pedestrian was directly in front of me, about that point of my turn I looked to the north, up Classen, and saw a car approaching at a relatively high rate of speed, considerably north of the intersection itself.

Q   (By Mr. Ross) What did you do?

A   I stopped.

Q   And why did you stop?

A   To avoid hitting the pedestrian."

■   Under the rule laid down in Peterson v. Sapp, Okl., 385 P.2d 498, it was not error to give the above instruction. We quote from paragraph two of the syllabus in the above case:

"Where the issue of sudden emergency is pleaded and there is sufficient evidence to justify jury to make a finding on same, it is not reversible error for trial court to instruct jury on such issue."

Since the issue of sudden emergency was pleaded in the answer and supported by evidence at the trial, it was not fundamental error to submit this issue to the jury under proper instructions. The issue of sudden emergency was not the only defense raised by the pleadings and the evidence.

We see no reason to discuss plaintiff's second proposition which is:

"The trial court erred and fundamentally prejudiced the right of the plaintiff when it struck from Paragraph 6 of the plaintiff's petition all reference to permanent bodily disability and diminished earning capacity in the sum of $10,000.00 and refused to instruct the jury as to said permanent bodily disability and diminished earning capacity in the sum of $10,-000.00."

Since the jury did not think the defendant liable in this case it will serve no useful purpose to discuss this alleged error.

The judgment of the trial court is affirmed.

All the Justices concur.

The court acknowledges the aid of the Supernumerary Judge, HARRY L. S. HALLEY, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.