**Effie Ruth WEAVER, Plaintiff in Error,**

**v.**

**Eleanor Maude HOSTER, Defendant in Error.**

**No. 42064.**

Supreme Court of Oklahoma.

Sept. 9, 1969.

Rehearing Denied Oct. 21, 1969.

Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, for plaintiff in error.

John Connolly, Oklahoma City, for defendant in error.

HODGES, Justice.

This appeal involves the question of whether the trial judge erred in sustaining a motion for new trial. The case is one in damages for personal injuries arising out of a rear end accident. Following the submission of the case to the jury with a verdict returned in favor of the defendant, plaintiff filed a motion for new trial. The trial court ruled that it had improperly instructed the jury regarding mutual and reciprocal duties, the exercise of ordinary

care of the drivers involved in the accident, and the defense of sudden emergency.

Plaintiff alleged in her petition that she was injured while stopped in a line of traffic at a point near North Meridian Street in the 4400 block West Expressway, Oklahoma City, by the defendant who collided with another vehicle stopped on the same lane of traffic immediately behind plaintiff, propelling that vehicle into plaintiff's car. She alleged defendant was negligent in not avoiding the accident or in failing to bring her car to a stop, in following too close, and in failing to keep a proper lookout. Defendant answered setting up the defenses of unavoidable accident and sudden emergency.

In its order sustaining motion for new trial the court sets out instructions No. 3, 5, 9, 10 and 11, as erroneous and states that plaintiff objected to said instructions, although defendant challenges this statement. For our purposes a summary of the instructions will suffice as it is not the wording of the instructions but their applicability that is in issue. Instruction No. 3, summarizes the pleadings, states that the burden of proof is upon the plaintiff to prove her allegations and upon the defendant to prove defenses by preponderance of the evidence and defines preponderance of the evidence. Instruction No. 5, states that an accident does not presume negligence and burden is upon plaintiff to prove negligence and upon defendant to prove sudden emergency. Instruction No. 9, indicates that each driver is required to use ordinary care. No. 10, refers to mutual and reciprocal duties to use ordinary care as to management of vehicles, reasonable rate of speed, proper lookout ahead and behind. Instruction No. 11, defines the defense of sudden emergency.

The trial court stated that his instructions on the mutual and reciprocal duties and the exercise of ordinary care by both drivers were erroneous because there was no evidence or assertion, that the plaintiff was negligent and the only negligence in issue was that of the defendant. The trial

court further stated that the instruction on sudden emergency should not have been given because the defendant was one-half block away from the point of collision when her brakes went out, and therefore it presented no *sudden* emergency.

A review of the evidence is helpful in discussing the above reasoning of the trial court. It is admitted that plaintiff stopped in a line of traffic, and is free of any negligence. There is no contributory negligence alleged, nor was there any evidence offered to indicate negligence on her part. The defendant testified that she bought a new automobile five months prior to the accident. While on a trip to California on one occasion in attempting to stop, the brake pedal went to the floor and the brakes failed. Immediately thereafter the brakes were working properly. Defendant had the brakes checked and was informed that there was nothing wrong with them. Approximately one month before the accident while driving in Oklahoma City the brakes again failed, and immediately thereafter worked properly. The car was taken to the dealer who had sold it to defendant and again the brakes checked and nothing found wrong.

Defendant testified further concerning the accident that:

"I saw the amber light come on about half to a third block away and I started slowing and the brake just held but didn't stop me. I could see that I wasn't going to stop in time so I pumped the brakes and pushed them as hard as I could but I had no brakes at all. They just completely went out."

(The investigating officer testified the impact occurred 123 feet prior to reaching the intersection).

Further, in response to a question when the brakes completely failed, as to the distance behind the vehicle she first hit, she answered,

"Oh, I would say maybe ten feet, ten to fifteen feet. I wasn't oh, I was not very far from it by the time I had gotten that far."

and as to whether she turned to avoid the collision,

"I didn't have time to do that and there was traffic on both sides of me."

Witness Myers, a brake specialist employed by the dealer who sold defendant her car, testified that the defendant some time before the accident happened had brought her car in with a complaint about the brakes failing. He made a visible inspection of the fluid level in the master cylinder and a road test to check the brakes. He stated that he found nothing wrong. He further testified as to the cause of brake failure of this type, that a piece of lint or dust could lodge under the lip of the master cylinder which would cause the brakes to fail.

Witness Bender testified that he had seen brake failure of this type occur even on new cars with low mileage. He further testified as to the reason for failure of this type in the same vein as witness Myers.

 We feel that the above evidence is sufficient upon which to base an instruction of sudden emergency, and the court properly instructed the jury thereon. It is not error to instruct the jury on sudden emergency if it is properly pleaded and there is sufficient evidence to justify the jury to make a finding on same. Peterson v. Sapp, Okl., 385 P.2d 498; Beckman, Inc. v. May, Okl., 331 P.2d 923. And in the case of Benson v. Hefley, Okl., 434 P.2d 200, this court stated in the syllabus:

"Where the issue of sudden emergency is pleaded and there is sufficient evidence to justify jury to make a finding on same, it is not reversible error for trial court to instruct on such issue."

 We also find no prejudicial error in the instructions on mutual and reciprocal duties and ordinary care. The trial court stated these instructions were improper because they applied not only to defendant, but to the plaintiff who at the time of the accident was legally stopped in a line of traffic. Assuming arguendo that these instructions were not applicable to the evidence and fact situation, we see no prejudicial error. There was no evidence of negligence or breach of ordinary care by plaintiff, nor was any claim made against the plaintiff. In view of all the evidence the duties of the parties as set out by the instructions could be easily resolved by the jury, and found applicable to the defendant only. If in any way harmful it would seem to pertain more to the defendant as an emphasis or reiteration of her duties under the law. This court has stated that it is not error to give an instruction that properly presents the law even if it is not applicable to the fact situation unless the losing party is prejudiced or the jury misled. Buck Creek Coal Mining Co. v. Johnson, 198 Okl. 664, 181 P.2d 1003; St. Louis-San Francisco Ry. Co. v. Withers, Okl., 270 P.2d 341; Threadgill v. Anderson, Okl., 303 P.2d 297; Brown v. Reames, Okl., 364 P.2d 906; Dunbar v. American Airlines, Okl., 376 P.2d 226; Gaddy v. Mid-Continent Freight Lines Inc., Okl., 406 P.2d 479.

The Brown case involved the question of giving an instruction on the use of ordinary care by a passenger injured on a bus when there was no evidence of failure to use ordinary care of contributory negligence. The court stated concerning the use of the words ordinary care,

"No contention was made by the defendant, either in the answer or evidence, that the plaintiff was not exercising ordinary care for her own safety. The use of the foregoing words was unnecessary in this case but if error, it was harmless."

 An examination of the record reveals that there was sufficient evidence to base a jury finding for the defendant. There appears to be no misleading of the jury by the instructions. Also, there was ample evidence to support a defense of sudden emergency. Under the evidence it would appear that defendant acted as a prudent person would under the same or similar circumstances. It is agreed that the trial court has wide discretion in determining whether a new trial should be

granted. However, this court will reverse the trial court where the record shows the trial court erred in some pure, simple, unmixed question of law. Cabiniss v. Andrews, Okl., 258 P.2d 180; Cosmo Construction Co. v. Loden, Okl., 352 P.2d 910; Watson v. Shanbour, Okl., 441 P.2d 363.

■ We find the action of the trial court sustaining the motion for new trial of the plaintiff was an abuse of discretion. The judgment is reversed with directions to overrule the motion for new trial and reenter judgment on the verdict for the defendant.

IRWIN, C. J., BERRY, V. C. J., and JACKSON, LAVENDER and McINERNEY, JJ., concur.

DAVISON, WILLIAMS, and BLACKBIRD, JJ., dissent.

BLACKBIRD, Justice (dissenting):

I cannot concur in the opinion of the Majority.

When the collision occurred, the automobile, in which plaintiff was occupying the driver's seat, was not moving, but had stopped at the intersection's traffic light, waiting for it to change from red to green.

The majority opinion recognizes that no negligence of plaintiff was an issue in the case, but it bases its decision to reverse the trial court's order, sustaining plaintiff's motion for a new trial, on its own conclusion that "There appears to be no misleading of the jury * * *" in instructions of the trial judge that were worded as if negligence on the part of plaintiff *was* such an issue. The instructions, to which I refer, were as follows:

### "No. 9

"You are instructed that the requirements under the statutes herein referred to do not prescribe all of the duties of the owners or operators of motor vehicles with respect to persons or property on the streets and highways, and that

you still must consider whether or not the driver of either vehicle in question exercised ordinary care under the facts and circumstances existing in this case.

### "No. 10

"You are instructed that the right, du-, ties and obligations of the drivers of the vehicles involved in the collision complained of were mutual and reciprocal.

"It was the duty of each of said drivers as they approached the point where the collision *occured* to exercise ordinary care in the management of his vehicle.

"It was the duty of each to drive his vehicle at a reasonable rate of speed and under reasonable and proper control.

"It was likewise the duty of each driver to use reasonable and ordinary care in keeping a lookout ahead and behind consistent with the safety of other vehicles and persons who might be using and traveling upon said street or highway."

I have examined all of the instructions, considered each in the light of the others, and have found none that clarifies, or rectifies, the misleading impression that the above-quoted instructions gave anyone reading them, that the plaintiff's duties, obligations, and negligence toward defendant were to be considered, as well as vice versa.

It is not claimed that, on the basis of the evidence, defendant was so clearly without fault that the jury could not have correctly found her negligent, and have returned a verdict for plaintiff. The trial judge apparently recognized this, when, in his order sustaining plaintiff's motion for a new trial, he found that he had "committed serious and material error * * *" in giving those instructions (among others), and that "plaintiff was not afforded a fair trial." Said judge's opinion that plaintiff's cause was prejudiced before the jury by the concededly erroneous and inapplicable instructions he gave is further evidenced by his remark from the bench, at the hearing on

plaintiff's motion for a new trial, that, in the manner in which the jury was instructed, "there would be no way for a plaintiff in such similar circumstances to recover in a case of this type."

While I am fully aware of this court's many previous decisions, in cases where the trial court has *denied* a new trial, to the effect that we will not reverse that court's judgment on account of errors in instructions, unless it appears probable that the appellant was prejudiced thereby, this rule of appellate review does not apply to appeals from orders *granting* new trials. We have pointed out in numerous previous opinions that the showing for reversal of an order granting a new trial "should be stronger than where reversal of an order denying a new trial is sought." See Draper v. Lack, Okl., 339 P.2d 784.

The majority opinion recognizes the wide discretion of trial courts in granting new trials, but apparently reverses the subject order granting a new trial on the theory that the record shows that, in so doing, the court "erred in some pure, simple, unmixed question of law." The opinion fails to identify such an error in the order appealed from here, however, and I have failed to find it.

Since the respective attorneys' closing arguments before the jury are not reflected in the casemade, we do not know what references, if any, they made to the court's instructions, or how they sought to use them to obtain a favorable verdict for their clients; but the trial judge heard them and had the opportunity, denied us, of observing the reaction to them by members of the jury. As said in the quotation from Harper v. Pratt, 193 Okl. 86, 141 P. 2d 562, that appears in Armstrong v. Chickasha Cotton Oil Co., Okl., 258 P.2d 1174, 1177:

"The judge who presides at the trial of a case hears the testimony of the witnesses, observes their demeanor, and has a full knowledge of the proceedings had and done during the process of the trial, is in a better position to know whether or not substantial justice has been done than any other person. Where such judge sustains a motion for a new trial, it will require a clear showing of manifest error and an abuse of discretion before the appellate court will be justified in reversing such ruling of the trial court.

"As the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or court, the showing for reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal."

In Pfrimmer v. Johnson, 195 Okl. 33, 154 P.2d 765, we held:

"This court will not reverse the ruling of the trial court granting new trial unless it can be seen beyond all reasonable doubt that the trial court has manifestly erred with respect to some pure, simple, and unmixed material question of law, and that except for such error the ruling of the trial court would not have been made. It will very seldom and very reluctantly reverse the decision or order of the trial court granting a new trial."

This court is in no position to contradict the trial judge's appraisal of the effect of his erroneous instructions upon the jury's verdict. The majority opinion does not point out the "clear showing of manifest error" required by our previous decisions to reverse a trial court's order granting a new trial, and I have been unable to discover any such error in such ruling. Therefore, I am of the opinion that this court is not warranted in reversing the order and/or judgment appealed from, and should affirm it.

For the foregoing reasons, I respectfully dissent.